AO 243 (Rev. 2/95)

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District Rhode Island | |
|---|---|---|
| Name of Movant Latrall E. Mangum | Prisoner No. 05407-070 | Case No. 04-00011ML |
| Place of Confinement FCI Otisville, Otisville, NY | | |

UNITED STATES OF AMERICA v. Latrall E. Mangum
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court, Rhode Island

2. Date of judgment of conviction 05-25-2004

3. Length of sentence 87 Months, 5 years supervised release

4. Nature of offense involved (all counts) possession with intent to distribute 22.35 grams of cocaine base, 21 USC Section 841(a)(1) and (b)(1)(B)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court __________

(b) Result __________

(c) Date of result __________

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __________

(2) Nature of proceeding __________

(3) Grounds raised __________

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result __________

(6) Date of result __________

(b) As to any second petition, application or motion give the same information:

(1) Name of court __________

(2) Nature of proceeding __________

(3) Grounds raised __________

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ■
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: Denial of effective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law)
Please see memorandum appended to this petition.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law)

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

AO 243 (Rev. 2/95)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing John M. Cicilline

(b) At arraignment and plea John M. Cicilline

(c) At trial John M. Cicilline

(d) At sentencing John M. Cicilline

AO 243 (Rev. 2/95)

(e) On appeal ______

(f) In any post-conviction proceeding ______

(g) On appeal from any adverse ruling in a post-conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

______
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 25, 2005
(Date)

[signature]
Signature of Movant

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

LATRALL E. MANGUM

V.

THE UNITED STATES OF AMERICA

CASE NO. 04-00011ML

PETITION UNDER 28 USC SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

MOTION AND MEMORANDUM

The petitioner, Latrall E. Mangum, moves this Court allow the petitioner/defendant to appeal his sentence of conviction, because the petitioner's counsel denied the petitioner/defendant his Sixth Amendment right to effective assistance of counsel when the petitioner/defendant's counsel, John M. Cicilline, failed to follow the petitioner/defendant's express instructions to file a timely notice of appeal of the petitioner/defendant's sentence of conviction and to actively pursue the petitioner/defendant's appeal. Instead of filing a notice of appeal of the petitioner/defendant's conviction, the petitioner/defendant's counsel lied to the defendant; the defendant's counsel assured the defendant that he, John M.

Cicilline, would file a timely notice of appeal and vigorously pursue the appeal of the petitioner/defendant's conviction. Instead of doing what he promised, the petitioner/defendant's counsel failed to file a timely notice of appeal of the petitioner/defendant's criminal conviction, and he also failed to notify the petitioner/defendant of his inaction. The petitioner/defendant has only recently learned that his case is not on appeal! Thus the petitioner has been sorely prejudiced by the negligence and malpractice of his attorney in this matter. The petitioner prays this Court grant the petitioner an evidentiary hearing, at which the petitioner can produce several witnesses who will testify that the petitioner's lawyer told the petitioner he would file a timely notice of appeal and pursue the appeal of the petitioner's criminal conviction.

The petitioner's counsel was also ineffective because he failed to properly investigate the defendant's serious mental illness, and thus he failed to move the Court at sentencing for a downward departure under authority of U.S.S.G. Section 5K2.13 (diminished mental capacity). The defendant's counsel also failed to move the Court grant the defendant a well-deserved downward departure at sentencing due to the fact that the defendant's criminal history category overrepresented the seriousness of the defendant's criminal history. U.S.S.G. Section 4A1.3. Thus the petitioner/defendant's counsel prejudiced the defendant,

because the defendant's sentencing judge stated, at the defendant's sentencing, that she was inclined to execute leniency towards the defendant, but, because of the mandatory nature of the sentencing guidelines, she was unable to grant leniency to the defendant. If the defendant's counsel had properly investigated the serious mental illness suffered by the defendant, he would have discovered the basis for a motion seeking a downward departure because the defendant's serious mental illness contributed to the causation of his offense. The defendant's counsel was negligent when, after the defendant had informed his counsel that he suffered from a serious mental illness, counsel took no steps to obtain an examination of the defendant by a psychiatrist who could evaluate the defendant and thus provide support for a motion for downward departure at sentencing under authority of U.S.S.G. Section 5K2.13. The recent U.S. Supreme Court case of Glover v. U.S., and several other cases, teach us that such failure by counsel to move the Court for a downward departure prejudices the defendant, because counsel thus denies the defendant the effective assistance of counsel.

Case law is clear that when a defendant's appeal has been abandoned by defense counsel, then the petitioner/defendant is due the right to pursue the appeal that his counsel's negligence has terminated. In this case, the defendant clearly ordered his counsel to pursue

his appeal, and his counsel lied to the defendant, and assured the defendant the appeal would be pursued. Only many months later, when the defendant became a prisoner in a federal correctional institution, and after the defendant's mother contacted the defendant's counsel concerning the defendant's appeal, did the defendant's counsel inform the defendant that he had abandoned the defendant's appeal without the defendant's permission, against the will of the defendant, and without informing the defendant of his action. In Wessinger v. Cain, 358 F.Supp. 2d 523 (M.D.La. 2005), a petitioner whose post-conviction counsel abandoned his case was allowed to renew his action because of the denial of effective assistance of counsel perpetrated upon the petitioner by his counsel. In Coleman v. Thompson, 501 U.S. 722, 749-50 (1991), the Court ruled, concerning habeas review of a procedurally barred claim, that if a petitioner demonstrates cause for the default and suffers actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider his claim will result in a fundamental miscarriage of justice, then the Court may grant the petitioner habeas review of his cause. The petitioner/defendant in this case asks the Court to appoint him counsel to pursue this action. The defendant/petitioner is indigent. The constitutional issues raised in this habeas action necessitate that an experienced counsel properly brief the defendant's issues

before this Court. The defendant's counsel was also ineffective in that he did not preserve the defendant's rights under Apprendi/Blakely/Booker to object to the defendant's sentencing under a mandatory sentencing guideline scheme that has since been found unconstitutional and only advisory by the U.S. Supreme Court. All properly schooled federal defense counsel preserved this critically important issue for their defendants' appeals; the petitioner's counsel proved ineffective when he failed to preserve this critical issue. Thus the defendant should be allowed by this Court to renew the appeal he sought, and to include in his appeal a request for a resentencing de novo, allowing him to pursue his request for leniency from his sentencing judge. The defendant asks this Court appoint Robert Mann as counsel for the indigent defendant, in order that the defendant's important constitutional issues shall be properly briefed before this Court.

The defendant's mother, a very well-respected member of the community, is Caroline Mangum. She will testify that, within ten days after the defendant's sentencing, the defendant told her that he had ordered his lawyer to pursue the appeal of his sentence of conviction. The defendant's stepfather, Marvin Bonds, and the defendant's girlfriend, Opel Brice, will likewise testify that they were informed by the defendant, within the ten days following his sentencing, that the defendant had ordered his lawyer to pursue his appeal. The defendant learned only in December

of 2004 that his attorney had lied to him and had failed to pursue his appeal. Until December of 2004, the defendant had been given the false impression by his counsel that his appeal was being avidly and vigorously pursued by his counsel. In December of 2004, the defendant wrote his counsel, inquiring about the progress of his appeal. Only through the intercession of the defendant's mother did the the defendant learn from his counsel that his lawyer had failed to file his appeal.

The defendant was shot in the back of the head in April of 2003. His crime was committed in September of 2003. The defendant still suffers from a bullet which lies in his skull, behind his ear; this bullet cannot be removed because its removal might damage the defendant severely. The defendant has suffered from severe mental illness, including severe depression and suicidal ideation; this mental illness possibly contributed to the causation of the defendant's offense. The defendant asks the Court to allow him to be examined by a defense psychiatric expert witness of his choice; the defendant asks the Court grant him sufficient funds so that Kenneth Selig, M.D., J.D., of Connecticut--a well-respected forensic psychiatric authority who has had wide experience practicing before the federal courts--examine the defendant and provide a psychiatric evaluation of the defendant in order to possibly support a possible motion by the defendant for a downward departure under authority of U.S.S.G. Section

5K2.13 (diminished mental capacity).

The petitioner/defendant states that, immediately after the defendant's sentencing, the defendant instructed his counsel to appeal his sentence of conviction, and his counsel replied: "We're going to appeal." At the defendant's sentencing, the defendant's sentencing judge stated (we must here paraphrase, in the absence of a transcript of the defendant's sentencing hearing): "If it was up to me, I'd give you less time." Thus the defendant's sentencing judge seemed to indicate that, in the absence of a mandatory sentencing scheme, or if defense counsel had properly argued for a 4A1.3 or 5K2.13 downward departure, the defendant's sentencing judge might have been inclined to express leniency to the defendant. In such a case, it was the defendant's counsel's duty to pursue an appeal based upon the defendant's Apprendi issue, so that the defendant could benefit from the Blakely/Booker rulings, and thereby gain a chance, through a resentencing, to discover leniency from his sentencing judge, a judge who expressed sua sponte from the bench her desire to provide leniency if possible to the defendant. In the case of the defendant, such leniency could take the form of a reduction in the defendant's sentence down to the mandatory minimum sentence of 5 years which the defendant must serve. Thus the defendant, who received an 87-month sentence, was prejudiced by the ineffectiveness of his counsel, counsel that abandoned the defendant's appeal without the knowledge

or approval of the defendant. A defense counsel that fails to honor a client's order to file a timely notice of appeal, and to pursue such appeal in the absence of the filing of an Anders brief, is a counsel who denies his client the effective assistance of counsel. Thus the defendant prays this Court grant him the relief of pursuing his appeal. Under Santobello, the U.S. Supreme Court has declared that the remedy in such a case is to place the defendant back in the position he would have been in had the constitutional violation not occurred; the remedy in this case is to allow the defendant to pursue the appeal of his sentence of conviction.

Respectfully submitted by

Latrall Mangum 5/24/05
Latrall E. Mangum, pro se

I HEREBY CERTIFY THAT I HAVE THIS DAY, THE 25TH OF MAY, 2005, MAILED THIS DOCUMENT TO FEDERAL COURT BY PLACING IT IN THE LEGAL MAIL MAILBOX AT FCI OTISVILLE PRISON, IN OTISVILLE, NY. Latrall Mangum 5/25/05