IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LATRALL E. MANGUM | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-241ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, <u>SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255</u>**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reason stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

FILED

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2005, I served a copy of the within Government's Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Latrall E. Mangum
Reg. No. 05407-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

_______________________

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LATRALL E. MANGUM | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-241ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

The Petitioner, Latrall E. Mangum (Mangum), files this motion pursuant to 28 U.S.C. § 2255. Mangum was arrested by officers of the Providence Police Department on September 3, 2003 after a probable cause search of his vehicle revealed 39 bags of crack cocaine and a loaded .45 caliber pistol stashed beneath the cover of the center console gear shift lever. The crack cocaine weighed 22.35 grams. The pistol was operable and had seven rounds of ammunition, including one in the chamber. Mangum gave a written statement admitting to knowing possession of both the crack and the pistol.

In a negotiated plea agreement, Mangum waived indictment and pled guilty on February 11, 2004 to a single-count information charging him with possession with intent to distribute 22.35 grams of crack cocaine (Cr. No. 04-011ML). As part of the plea agreement, the government agreed not to pursue any firearm charges against Mangum.

A sentencing hearing was held on May 24, 2004. Defense counsel filed a motion for a downward departure arguing that Mangum's criminal history category was overstated and that he carried the pistol not because he was a drug trafficker, but to protect himself from others who would do him harm arising out of animosity towards other members of his family. He testified at the hearing.

The Court denied the downward departure motion and imposed the following sentence: 87 months imprisonment, five years supervised release, and a $100 special assessment. The judgement was entered on May 27, 2004. No notice of appeal was filed.

The instant § 2255 motion appears timely, Mangum certifying that he deposited the same in the prison mail box at Otisville, New York on May 25, 2005. See, Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999). Mangum raises three grounds: 1) his counsel, John M. Cicilline, failed to follow Mangum's instructions to file a notice of appeal; 2) his counsel was ineffective for failing to move for a downward departure at sentencing due to an overstated criminal history; and 3) his counsel was ineffective for failing to investigate and move for a downward departure at sentencing due to Mangum's serious mental health illness.

Argument

The downward departure issues need not long detain this Court.

With respect to Mangum's claim of a serious mental illness, Mangum fails to identify the nature of his illness; fails to state whether there has been a medical

diagnosis or treatment; fails to identify his symptoms; and fails to state how he concluded that he suffers from such an illness. Further, the record before the Court fails to support any such condition. At paragraph 41, Mental and Emotional Health, of his presentence report (PSR), Mangum admitted to feeling stressed, but denied any mental or emotional problems. He never sought mental health treatment. He admitted feeling suicidal at some point prior to his arrest, but denied feeling suicidal at the time of the PSR interview. The report indicates that Mangum's mother corroborated the information. Mangum's acceptance of responsibility letter signed by him was clear, concise and well-written. The Court also had an opportunity to observe Mangum and hear his testimony at sentencing. Nothing he did or said indicated a serious mental illness. This bare-bones allegation should be rejected.

On the issue of understated criminal history, Mangum's claim is clearly false. Mangum's counsel moved for a downward departure on two grounds: an overstated criminal history and that Mangum's possession of the firearm resulted from duress and a need for self-defense. In addressing the overstated criminal history ground, it is the recollection of the undersigned Assistant U. S. Attorney that the Court agreed to a certain extent that certain driving offenses by Mangum over-represented his criminal history. However, the Court noted that even if those offenses were discounted, Mangum would still have four criminal history points, resulting in a Criminal History Category III under the sentencing guidelines. The Court rejected that ground, ruling that Mangum's criminal history was not overstated. This claim should be rejected.

Mangum's appeal claim, however, cannot be so easily decided . Mangum contends that he expressly instructed his counsel to file a notice of appeal. None was filed.

An attorney who disregards a defendant's specific instructions to file a notice of appeal has acted in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000). The loss of the right to appeal resulting from the ineffective assistance of counsel can, in the appropriate case, be remedied through a motion brought pursuant to 28 U.S.C. § 2255. United States v. Tajeddini, 945 F.2d 458, 466 (1st Cir. 1991); Lopez-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989). An unrepresented, indigent prisoner, deprived of his direct criminal appeal through ineffective assistance of counsel, need not specify what issues he would raise on appeal. Rodriquez v. United States, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717 (1969); Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992); Tajeddini, 945 F.2d at 468 n.2. The remedy for a defendant who has lost the right to appeal due to the ineffective assistance of counsel is for the defendant to be resentenced so that an appeal may be prosecuted. Bonneau, 961 F.2d at 23.

An evidentiary hearing should be held to determine whether Mangum directed his counsel to file a notice of appeal. The remaining grounds of his petition should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2005, I served a copy of the within Government's Memorandum In Support of Its Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Latrall E. Mangum
Reg. No. 05407-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963