UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LATRALL E. MANGUM | : | |
| | : | |
| vs. | : | C.A. No. 05–241-ML |
| | : | |
| UNITED STATES | : | |

## MEMORANDUM AND ORDER

Latrall E. Mangum has filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. After conducting an evidentiary hearing and reviewing the record and the papers filed in support of the motion, the Court denies the motion, for the reasons that follow.

## BACKGROUND AND TRAVEL

On February 11, 2004 Mangum pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On May 25, 2004 he was sentenced to 87 months imprisonment, followed by five years supervised release. Mangum did not appeal from his conviction, which became final when the 10-day appeal period expired. He was represented by retained counsel, Attorney John M. Cicilline, for all aspects of his criminal proceedings in this Court .

On May 31, 2005 Mangum filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. In his motion and supporting papers he asserts several ineffective assistance claims, asserting that his counsel: (1) failed to take an appeal on his behalf, as requested; and (2) failed to move for a downward departure at sentencing on the basis of either Mangum's overstated criminal history or his serious mental health illness. The Government filed an objection to the motion to vacate, with a supporting memorandum.

On March 16, 2006, this Court conducted an evidentiary hearing solely on the issue

whether Mangum had expressly instructed his counsel to file an appeal. The Court appointed counsel to represent Mangum at this hearing and heard testimony from Attorney Cicilline, Mangum's mother and Mangum. Attorney Cicilline testified that subsequent to Mangum's sentencing, he had one or two conversations with Mangum in which the subject of taking an appeal was discussed and that on each occasion he advised Mangum that he had no viable grounds for appeal and recommended against it. Attorney Cicilline also spoke to Marvin Barnes, a friend of Mangum's mother who had paid for Mangum's legal representation in his underlying criminal case, and likewise indicated to Barnes that there were no viable grounds for Mangum to appeal. Attorney Cicilline did not thereafter hear from Mangum.

Mangum's mother testified that she spoke a number of times with Mangum immediately after sentencing and thereafter, and that he indicated he wished to take an appeal. She did not however, ask Mangum at the end of the appeal period if his appeal was filed. She also testified that she told Attorney Cicilline on the day of sentencing of Mangum's desire to appeal.

Mangum testified that he had three conversations with Attorney Cicilline concerning taking an appeal -- one in court at the conclusion of the sentencing hearing and two by telephone within a few days after sentencing. Mangum testified that during the initial conversation he indicated he wanted to appeal, and Attorney Cicilline said they would. The following day, Mangum called Attorney Cicilline from the Wyatt Detention Center and told him he would like to appeal. Attorney Cicilline advised him there were "no merits" for an appeal. A couple of days later -- while still at the Wyatt Detention Center and after speaking with his mother who urged him to contact Cicilline again -- Mangum had a second telephone conversation with Attorney Cicillline, in which he reiterated his desire to take an appeal. According to Mangum, in response Attorney Cicilline did not say whether he would file the appeal. Thereafter, Mangum did not

have any further communication with Attorney Cicilline – either during the 10 day period of time or after he was subsequently transferred to a federal facility – until some eight or nine months after he was sentenced. At that time Mangum inquired as to whether an appeal had been filed. Mangum further testified that upon being told no appeal was filed, he did not attempt to express his displeasure with the fact that Attorney Cicilline had not appealed his sentence, nor did he complain about Attorney Cicilline to anyone.

At the conclusion of the hearing, this Court took the matter under advisement, and the matter is now ready for decision.

## DISCUSSION

Section 2255 of Title 28 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Ineffective Assistance Claims

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate two criteria:

(1) That his counsel's performance "fell below an objective standard of reasonableness;" and,

(2) "[A] reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276,279 (D.R.I. 2001), citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993).

In assessing the adequacy of counsel's performance:

> [T]he court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688.

Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693. Where his conviction follows a guilty plea, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 371 (1985).

With the foregoing principles in mind, the Court reviews Mangum's claims.

A. Failure to Take an Appeal

Mangum first claims that his counsel was ineffective by failing to take an appeal, as he requested. He alleges that he told Attorney Cicilline he wanted to appeal, that he believed Cicilline had filed an appeal, and that he found out some months later that no appeal had been taken. (See Petitioner's Memorandum in Support of Motion to Vacate ["Pet'r Memo"] at 1, 3-6).

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000), the Supreme Court addressed the framework for evaluating ineffective assistance claims, based on counsel's failure to file a notice of appeal without a defendant's consent. The Court noted three possible scenarios

in this context. First, where an attorney fails to initiate an appeal after being specifically instructed to file, the attorney acts in a manner that is professionally unreasonable. Id. at 477, 120 S.Ct. at 1035 (citing Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969)). Second, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. Id. Third, where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether the attorney consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. Id. at 478, 120 S.Ct. at 1035. If the attorney did not consult, the court considers whether the attorney had a duty to consult with the defendant, based on the presence of appealable issues or the defendant's expression of interest in appealing. Id. If the attorney did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. Id.

Here, Attorney Cicilline testified that subsequent to Mangum's sentencing, he had one or two conversations with Mangum concerning the filing of an appeal in which he advised Mangum that he had no viable grounds for appealing; that he likewise told Marvin Barnes, who had paid for Mangum's legal representation, that Mangum had no viable grounds of appeal; and that he did not thereafter hear from Mangum.

Mangum testified that he had a brief conversation in the courtroom at the conclusion of his sentencing hearing, and two subsequent telephone conversations with Attorney Cicilline within the first few days after his sentencing hearing, i.e., within the 10-day period for filing an appeal. In each conversation, Mangum indicated his desire to take an appeal but was advised by Cicillline that he had no viable grounds for an appeal, and Cicillline did not agree to take the

appeal.[1] Mangum testified that he did not speak again with his counsel concerning his appeal -- either at the conclusion of the appeal period or otherwise -- until eight to nine months later.

This Court finds that Mangum's counsel did consult with him concerning an appeal, that his counsel indicated that in his view there were no grounds for an appeal, and that counsel at no time promised he would file an appeal on Mangum's behalf. Notwithstanding his counsel's failure to agree, Mangum did not reiterate his request or otherwise attempt to communicate with counsel until some eight to nine months later, long after the time for filing a notice of appeal had expired. The Court concludes that under the framework of Flores-Ortega, the evidence is insufficient to show any express instructions by Mangum to his counsel to file an appeal, once he was advised that there were no grounds. See Gerrish v. United States, 353 F.Supp.2d 95, 97 (D. Me. 2005) (where following discussion of cost to file an appeal, no appeal was taken, this was insufficient to find ineffective assistance under Flores-Ortega). Rather, the Court finds, based on the comparative testimony and credibility of the witnesses,[2] that Mangum accepted his counsel's advice not to pursue an appeal but then changed his mind some eight to nine months later -- which, the Court notes, was coincidentally after the Supreme Court's decision in United States v. Booker, supra. Therefore, Mangum has not made a showing that he expressly instructed his attorney to file an appeal notwithstanding the lack of viable grounds thereof. See Flores-Ortega,

---

[1] The Court notes that this testimony is at odds with the allegations in the papers supporting Mangum's motion to vacate that Attorney Cicilline "lied" to him by telling him he would file an appeal and that Cicilline promised to take an appeal. See Pet'r Memo at 1, 6, 7. The Court credits Mangum's testimony at the evidentiary hearing over these allegations in his papers.

[2] Petitioner's mother, Caroline Mangum, testified that Mangum on repeated occasions indicated to her his desire to appeal. However, she testified that she did not communicate directly with Attorney Cicilline regarding her son's wishes, nor did she inquire of Cicilline whether any appeal had been filed and/or concerning the status of an appeal. The Court does not find this testimony helpful on the issue of whether Mangum expressly instructed his counsel to file an appeal notwithstanding the lack of viable grounds.

528 U.S. at 479, and this ineffective assistance claim must fail.[3]

B. Failure to Seek a Downward Departure

Mangum's ineffective assistance claims concerning his counsel's failure to seek a downward departure are both without merit.

Overstated Criminal History. Mangum's claim regarding his counsel's failure to request a downward departure on the basis that his criminal history was overstated is belied by the record; Mangum admitted as much at the evidentiary hearing held in the instant proceeding. The record shows that Attorney Cicillline filed a motion for a downward departure on Mangum's behalf, in part based on Mangum's overstated criminal history and argued the motion at sentencing. Therefore, his counsel's performance was not deficient in this respect, and Mangum's ineffective assistance claim fails on this basis. See Strickland, 466 U.S. at 688 (attorney's performance must be objectively deficient to find ineffective assistance).

Serious Mental Illness. Mangum's claim of ineffective assistance based on his counsel's failure to investigate his "serious mental illness" for the purpose of moving for a downward departure pursuant to U.S.S.G. § 5K2.13 likewise fails at the outset. As the Government points out, Mangum provides no detail or argument to support this claim. He does not indicate the nature of his mental illness or its symptoms, or whether there was any medical diagnosis or

[3] In view of the disposition of this claim, it is unnecessary for the Court to address Mangum's claim that counsel failed to preserve any claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). The claim is not developed in any meaningful way and is in any event deemed waived. See Cody v. United States, 249 F.3d 47, 53, n.6 (1st Cir. 2001)(ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived); cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (arguments not developed on appeal are deemed waived). Moreover, Blakely and Booker had not been decided at the time of Mangum's sentencing, and Apprendi does not apply: Mangum admitted all of the facts contributing to his sentencing, including his criminal history, and his sentence did not come close to exceeding the 40-year maximum penalty for his offense. See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")(emphasis added).

treatment rendered for his alleged illness. He fails to state the basis on which he concludes that he suffers from such illness, or how such illness contributed to his commission of the offense. Finally, Mangum cites no case law in support of this claim. It has long been held that a petitioner's failure to develop an argument in connection with a claim constitutes a waiver of that claim. See e.g. Cody, 249 F.3d at 53, n.6 (ineffective assistance of counsel claim raised in a perfunctory manner in § 2255 proceeding deemed waived); cf. Zannino, 895 F.2d at 17 (arguments not developed on appeal are deemed waived).

Even if the claim is not deemed waived, there is no indication in the record of any serious mental illness on the part of Mangum that would justify a departure on the basis of a "significantly reduced mental capacity" under § 5K2.13.[4] The Presentence Investigative Report ("PSR") merely indicates that Mangum had been feeling stressed since he had been shot and wounded some months earlier. See PRS at ¶ 41. The PSR further states that although Mangum he had at one time in the past felt suicidal, he denied feeling suicidal at the time he was interviewed, and he had never sought mental health treatment. Id. Mangum's acceptance of responsibility letter was lucid and betrayed no impaired mental capacity. In view of these considerations, Mangum's counsel was not deficient in failing to move for a downward departure

---

[4] USSG § 5K2.13 provides in pertinent part that a sentencing court may depart downward from an otherwise applicable Guideline range "if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." The Application Note to this guideline defines "significantly reduced mental capacity" to mean that the defendant, "although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

on this basis, and this ineffective assistance claim fails. See Strickland, 466 U.S. at 688.[5]

In short, Mangum's ineffective assistance claims based on his counsel's alleged failure to seek a downward departure on his behalf are without merit and must be denied.

The Court has reviewed Mangum's other arguments and finds them to be without merit.

## CONCLUSION

The instant § 2255 motion to vacate appears to be nothing more than a belated attempt to turn back the clock in order to obtain re-sentencing post-Booker. However, as noted above, Mangum did not sufficiently indicate his desire to override his counsel's advice and to appeal his conviction until it was too late, and the other claims he asserts do not warrant relief under § 2255.

Therefore, the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

SO ORDERED:

Mary M. Lisi
United States District Judge
Date: March 27, 2006

[5] Mangum's argument that counsel was deficient in failing to procure a psychiatric examination of Mangum as part of such investigation with a motion for downward departure (see Pet'r Memo at 2-3) is spurious. The record is devoid of any indication that Mangum, at the time of his offense or even at the time of plea and sentencing, was suffering from an impaired mental capacity to appreciate or control his wrongful behavior so as to signify a need for a psychiatric examination. See U.S.S.G. § 5K2.13 and Application Note 1.

Furthermore, Mangum's request that this Court order a psychiatric examination in this proceeding (see Pet'r Memo at 6) is improper and is denied.