UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR05-0241ML |
| | ) | |
| LATRALL E. MANGUM | ) | |

---

MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes Latrall Mangum, the Defendant in the above captioned matter, and moves this Honorable Court to issue a Certificate of Appealability pursuant to the Court's denial of Mr. Mangum's request for post-conviction relief under 28 U.S.C. § 2255 for violation of his Sixth Amendment Right to Counsel based on ineffective assistance. Mr. Mangum submits the attached memorandum in support of this motion.

Respectfully Submitted
Latrall Mangum,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to AUSA Kenneth Madden, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 31st day of March, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR05-0241ML |
| | ) | |
| LATRALL E. MANGUM | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY

Mr. Mangum requested that his attorney, John M. Cicilline, file an appeal on his behalf after the Court sentenced him to 87 months incarceration on February 11, 2004. An attorney who disregards a client's request to file a notice of appeal acts in a professionally unreasonable manner which amounts to ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). At hearing, Mr. Mangum told the Court that he requested Mr. Cicilline file an appeal on his behalf three times during the 10 day time period: First, in the courtroom after sentencing, and then in two separate phone calls from the Wyatt Detention Facility. He told the Court that Mr. Cicilline told him he had no grounds, but that he still wanted the appeal filed. Mr. Cicilline recalled discussing this issue with Mr. Mangum twice in the 10 day window. He recalled Mr. Mangum asking him to file the appeal and telling Mr. Mangum that he had no issues for appeal. Mr. Cicilline also said that Mr. Mangum never told him not to file the appeal in response to his counsel. Mr. Mangum reasonably relied upon Mr. Cicilline to file the appeal regardless of the merits. Mr. Mangum disagrees with the Court's finding that he did not clearly express his wishes for an appeal. He asked Mr. Cicilline to file the appeal and no appeal was filed. Mr. Cicilline's failure to file the notice of appeal represents ineffective assistance in this instance which violated Mr. Mangum's Sixth Amendment Right to Counsel. Mr. Mangum has filed a notice of appeal in this case and requests the Court to issue a Certificate of Appealability to the First Circuit Court of Appeals.

Respectfully Submitted
Latrall Mangum,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to AUSA Kenneth Madden, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 31st day of March, 2006.